## L. S. BAILEY, Respondent, v. G. W. BEASLEY, Appellant.

Kansas City Court of Appeals, November 19, 1888.

1. Contract: FRAUDULENT MAY BE WAIVED, AND ANOTHER MADE: RULE AS TO VALUE IN SUCH CASE: CASE ADJUDGED. Notwithstanding the original contract for the purchase of the machine (in this case) was void on account of fraud, the defendant might afterwards, waiving this, purchase the machine. But unless he agreed to pay the price named in the original contract, he was bound to pay only the reasonable value of the machine.

2. Practice: EVIDENCE OF CONTROVERTED FACTS FOR JURY: INSTRUCTION. Where there was evidence tending to prove that defendant agreed not only to pay for the machine, but to pay the contract price, but the question as to whether he did agree to pay said price was not submitted to the jury — the ignoring this issue in an instruction was error.

*Appeal from Jasper Circuit Court.* — Hon. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Thomas & Hackney,* for the appellant.

(1) Oral testimony as to the assignment of the account was inadmissible. Witness Bailey testified that the only assignment was in writing on the account, but this assignment was not introduced in evidence. While it may be true that no written assignment of an account is necessary in order to entitle the holder to sue in his own name, yet when there is a written assignment, that is the only competent evidence of such transfer. *Gilmore v. Bangs,* 55 Ga. 403; 1 Greenl. Ev. sec. 275, *et seq.* (2) The first instruction given at the instance of plaintiff is erroneous. It submitted to the jury an issue outside of and not raised by the pleadings. The two instructions given by the court of its own motion are erroneous for a like reason. The issues presented by the pleadings were whether defendant signed the order intending thereby to purchase the mill, pump and fixtures, or signed it under the supposition and, with the understanding that he was simply giving the company a permit to erect their machinery on his farm as an advertisement, and the machinery was so erected. The instructions withdrew from the attention of the jury the real issues and authorized them to find for the plaintiff if they found that the defendant, long after the erection of the mill as an advertisement, promised to pay for it when he sold some cattle. "A court does not possess the power to change by instructions the issues which the pleadings present." *Bank v. Murdock,* 62 Mo. 73, and cases cited; *Bullene v. Smith,* 73 Mo. 162; *Cravens v. Gillilan,* 73 Mo. 528; *Glass v. Gelvin,* 80 Mo. 297. (3) If the defendant signed the order under the circumstances set forth in the first instruction, as well as

in the two instructions given on the court's own motion, then the order was utterly void, not voidable. Kerr on Fraud and Mistake [Am. Ed.] 49, 50. Being void it could not be subsequently confirmed, ratified or approved. *McHugh v. County*, 67 Pa. St. 391; s. c. 5 Am. Rep. 445; *Duncan v. McCullough*, 4 S. & R. 483; *Chamberlain v. McClurg*, 8 W. & S. 31, 36; *Goepp's appeal*, 3 Harris, 428; *Miller's appeal*, 6 Casey, 477; 1 Story Eq. Jur. [10 Ed.] sec. 345, note 2. Hence no recovery could be had on the order, and a subsequent promise of defendant to pay—even if pleaded. (4) The first instruction is erroneous for another reason. If the mill was erected as an advertisement, then the written order was absolutely void; and being so, it could not serve as a criterion by which to measure the damages. There was no evidence that the articles of which the mill was composed corresponded in value with the prices contained in the written order. (5) If the mill was erected on defendant's farm as an advertisement, then a simple oral promise by defendant, made (if at all) six months after the erection of the mill, to pay for it when he sold some cattle, would not constitute a valid contract. The value of the mill, if anything, was over thirty dollars. There was no memorandum, no part payment and no delivery and acceptance of the property. 1 Benj. on Sales [4 Ed.] sec. 173. (6) The evidence as to subsequent promise by defendant to pay for mill, was not objected to by defendant on the trial, because it was admissible in contradicting defendant's claim, that it was erected as an advertisement. But it could not be used for any other purpose, nor be made the basis of a right of recovery, nor considered in the light of a ratification— and all this without being pleaded. (7) The instructions asked by defendant properly declared the law applicable to the issues presented by the pleadings and evidence in the case, and should have been given, and the court erred in refusing them, and also in refusing to grant defendant a new trial.

*Phelps & Brown*, for the respondent.

(1) The defendant's claim for a reversal in this case is based upon the assumption that a badly distorted abstract of the evidence in the case, and the citation of a vast number of authorities, many of which are not in point and have no earthly application to the principles involved, ought to convince this court that the court below erred in some respect, and if the trial court erred in any respect, no matter how trivial, or that the error was immaterial, or that it clearly appears from the record that the defendant was not prejudiced thereby, then the judgment should be reversed. The defendant sets forth in his assignment of errors five grounds upon which he relies for a reversal of the judgment of the court below. On examination, however, it will be found that they contain only two, viz., first, that the court erred in admitting parol evidence of the assignment or transfer of the account sued on to plaintiff; second, that the trial court erred in modifying the first and second instructions asked on behalf of defendant by adding the final words, "unless you believe that afterwards the defendant agreed to pay for said windmill." These points included all the others. (2) The plaintiff testified without objection that "he was the owner of the account in question, the same having been delivered to him in payment, etc.," this was sufficient. No formal or written assignment of an account is necessary. Our supreme court in the case of *Smith v. Sterritt*, 24 Mo. 260, held that any action showing an intention to transfer to the parties interested is sufficient. This is manifestly the only just and equitable doctrine. As to the remaining contention of defendant's counsel that the court erred in modifying instructions numbered one and two, and giving them as modified on its own motion, it is sufficient to say that the issues were not changed thereby nor was any issue not involved in the pleadings raised. And the case of *Bank v. Murdock*, 62 Mo. 70, so much relied upon by defendant, does not enunciate a

different doctrine.   The instructions complained of were not predicated on the theory of a subsequent ratification, nor was such ratification in any manner referred to therein.   It was wholly immaterial that the mill was originally placed on defendant's farm on exhibition, if he afterwards agreed to take and pay for the same, and we know of no principle of law which would permit of defendant escaping liability ; therefore, clearly an agreement to pay for the mill, etc., after same was up and in good running order ought to be as obligatory upon defendant as though he had contracted therefor in the first instance.   And the court was fully justified in modifying the defendant's instructions accordingly. And the only error, if any, is that they are too favorable to the defendant.   ( 3 ) There was no error in giving instructions numbered one and two in behalf of plaintiff ; they fully and fairly stated the law applicable to the case.   ( 4 ) The jury were the judges of the weight of the evidence and the credibility of the witnesses, and the case was fairly tried.

HALL, J.—This was an action on account by plaintiff as consignee of it, for a wind-mill, pump and fixtures, alleged to have been sold to the defendant and erected on his farm by the Flint & Walling Manufacturing Company.

The petition was as follows :  "Plaintiff states that on the first day of March, 1885, the defendant purchased of Flint & Walling Manufacturing Company, of Kendallville, Indiana, a corporation duly incorporated under the laws of the state of Indiana, one 10-foot Star wind-mill, for $90, one No. 6 force pump 3-w cock, brass cylinder for $25 ; one 2½ by 8 Round Tank for $27 ; one 30 ft. Tower Complete, for $15 ; erecting tower, $10, 34 feet ; No. 1¼ Gal. Pipe and rods at 40c., $12.60, all of the aggregate price and sum of one hundred and eighty and sixty one-hundredths dollars, as will more fully appear from the itemized statement of account herewith filed.   That all of the above-described property was delivered to defendant, and defendant has failed and

refused to pay for the same. Plaintiff further states that said account has heretofore been, for a valuable consideration, assigned, transferred and set over to plaintiff by said Flint & Walling Manufacturing Company and plaintiff is the owner thereof, and all of said amount is owing plaintiff, by defendant, wherefore plaintiff asks judgment for the sum of $180.60 and costs of suit."

The defense was that the mill and pump were not purchased, but were put up on defendant's farm by the agent of said company as an advertisement; that the signature of defendant to the written order for the mill and pump was procured through the fraud of the agent of the company, in representing to said defendant that the order contained nothing but a description of the mill and pump and the numbers of the land where it was to be put up, and was taken simply to show the company where its mill and pump were, and that defendant never intended or agreed with said agent to purchase them.

No reply was filed to defendant's answer, but the case was tried as if a reply was in.

Defendant's evidence tended to prove the defense set up in the answer. The plaintiff introduced evidence in rebuttal, tending to disprove said defense, and tending also to prove that after the mill and pump were erected upon defendant's farm, the defendant promised plaintiff, as agent for the Flint & Walling Manufacturing Company, to pay for the same, the testimony of one of the witnesses being that the defendant promised to pay the account. All of which the defendant, however, denied.

The court for the plaintiff gave the following instruction: "Although the jury may believe from the evidence that defendant Beasley supposed and believed at the time he signed the contract read in evidence that he was not purchasing said mill in said contract mentioned, but only authorizing said pump to be placed and erected upon his farm on exhibition, yet, if you further believe from the evidence that after said pump had been placed and erected on said premises, the defendant

Beasley agreed to pay for the same as soon as he had sold some stock, and that plaintiff is the owner of the account in question, then the jury will find for the plaintiff, and assess his damages at the amount due and owing the plaintiff, under the contract, and for any amount owing for goods or materials furnished defendant, if any, not included in said written contract, at defendant's request afterwards."

The court refused instructions asked by the defendant, which in substance told the jury to find for him if they found the facts to be as pleaded in defense, and added to them these words: "Unless you believe that afterwards defendant agreed with Bailey to pay for said wind-mill," and gave the instruction thus modified.

We agree with plaintiff's counsel, that if after the mill and pump were erected, the defendant purchased them by accepting them as his and agreeing to pay for them, he is bound to pay for them, although he did not purchase them before they were erected, and that for this reason most of the objections urged by defendant's counsel to the action of the court in giving the instruction for the plaintiff above set out and in modifying the instructions asked by defendant are without merit, still we do think that one of such objections is well taken.

Notwithstanding the original contract for the purchase of the machine was void on account of fraud, the defendant may have, as we have just said, afterwards purchased the machine, but unless he agreed to pay the price named in the original contract he was bound to pay only the reasonable value of the machine. For this reason it was error for the court to instruct the jury to find for the plaintiff the amount due and owing under the contract, if the defendant afterwards agreed to pay for the machine. There was evidence tending to prove that the defendant agreed not only to pay for the machine, but to pay the contract price, but the question as to whether he did agree to pay said price was not submitted to the jury.

Judgment reversed and cause remanded. All concur.